[No. 12984-5-III.   Division Three.   February 7, 1995.]

JERRY COWDEN, ET AL, *Respondents*, v. KENNEWICK IRRIGATION DISTRICT, *Appellant*.

■■■■■■■■■■■■■■■■■■■■■■■■■

*John C. Riseborough* and *Paine, Hamblen, Coffin,* for appellant.

*Terry E. Miller,* for respondents.

MUNSON, J. — Kennewick Irrigation District (KID) appeals from a declaratory judgment contending the court erred in determining KID lacked the authority to develop property acquired through foreclosure for use as a residential subdivision. Jerry Cowden and Keith Hughes cross-appeal, contending the court did not go far enough in that it refused to specifically declare KID lacked the authority to develop such property for any purpose, or to construct streets, utilities, and other improvements thereon. We affirm.

KID owns over 93 separate properties, totaling approximately 2,300 acres, which are not needed for its irrigation operations. In November 1991, KID sold one of these properties, part of an undeveloped 18.06-acre parcel known as the Vista Field property, to Wal-Mart Stores, Inc., for $730,900. In June 1992, KID and Wal-Mart agreed to build a shopping center on the Vista Field property, and KID agreed to pay a portion of the costs of the improvements.[1] KID had acquired the Vista Field property in a foreclosure proceeding in 1943.

In the fall of 1992, KID signed contracts with two builders for the residential development of a 77.5-acre property known as Sagewood Meadows. Under the contracts, KID would provide "infrastructure" improvements including roads and utilities and plant some trees at its own expense and would sell the

---

[1]This project, having been completed, is not a part of this appeal.

residential lots to the builders over a period of approximately 3 to 4 years in a series of projects. According to KID resource manager Michael Macon, by platting and improving the property for sale as residential lots, KID increased the value of the property from approximately $700,000 to $5,125,000. KID's expenses were estimated to total $3,557,172. KID originally acquired the Sagewood Meadows property through foreclosure.

On September 1, 1992, Messrs. Cowden and Hughes filed a complaint for declaratory judgment as to whether KID lacks authority to construct streets or expend funds from its general fund for the development of real property. All parties moved for summary judgment. The court determined KID's actions exceeded its statutory purpose and implied powers, and granted summary judgment to the Plaintiffs. Plaintiffs' counsel prepared a written judgment which the judge signed after deleting five paragraphs. The effect of the deletions was to eliminate those portions of the plan which had been completed but to stop further expenditures by KID on the remaining project. KID appeals the grant of declaratory judgment and Messrs. Cowden and Hughes cross-appeal the deletion of the rejected paragraphs.

KID contends the court erred in determining an irrigation district lacks the authority to develop its surplus real estate for residential use in order to obtain the maximum price for its assets.

KID is, broadly speaking, a municipal corporation. *Housing Auth. v. Sunnyside Vly. Irrig. Dist.*, 112 Wn.2d 262, 772 P.2d 473 (1989). A municipal corporation exercises only those powers expressly granted by statute, those necessarily implied thereby, and those essential to achieve its purpose. *Hite v. PUD 2*, 112 Wn.2d 456, 458-59, 772 P.2d 481 (1989); *Port of Seattle v. State Utils. & Transp. Comm'n*, 92 Wn.2d 789, 597 P.2d 383 (1979). A municipal corporation has both a governmental aspect and a proprietary aspect. *Hagerman v. Seattle*, 189 Wash. 694, 66 P.2d 1152, 110 A.L.R. 1110 (1937). An irrigation district owns and uses its property acting in a proprietary capacity. *See In re Horse Heaven Irrig. Dist.*, 11

Wn.2d 218, 118 P.2d 972 (1941). When it acts in its proprietary capacity, a municipal corporation's statutory powers are broadly interpreted. *Hite*, at 459. Nevertheless, in exercising its broad proprietary powers, it "may not act beyond the purposes of the statutory grant of power". *Tacoma v. Taxpayers*, 108 Wn.2d 679, 695, 743 P.2d 793 (1987).

■ KID is authorized by statute to construct and maintain irrigation works, RCW 87.03.010, .015, and to sell unneeded real estate, RCW 87.03.135. Methods for obtaining funds to be used in constructing and maintaining irrigation works are specified by statutes, RCW 87.03.210, .470.820. Real estate development is not one of the authorized methods. KID's statutory and implied powers, however broadly construed, cannot be extended to include the development of its real property for residential purposes. The trial court did not err.

Messrs. Cowden and Hughes contend the court erred in striking those portions of the proposed judgment declaring KID was not authorized to construct streets, curbs, gutters, or utilities, install infrastructure, or otherwise develop its real property. They did not propose any language indicating the specified activities would not be authorized except for the purpose of developing the property for use related to irrigation. The proposed language was very broad; under appropriate circumstances such activities might be necessary to achieving KID's purpose. There was no error.

Affirmed.

THOMPSON, C.J., and SWEENEY, J., concur.